**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

RALPH F. PATTEN, JR., *
*
Plaintiff, *
*
v. * Civil Action No. AW-08-2426
*
JOHN HANCOCK *
LIFE INSURANCE COMPANY, *
*
Defendant. *
******************************************************************************

**MEMORANDUM OPINION**

Plaintiff Ralph F. Patten, Jr. ("Patten") brings this action against Defendant John Hancock Life Insurance Company ("John Hancock") challenging the cancellation of his retirement benefits. Patten filed a claim against Hancock in the amount of $180,000. Currently pending before the Court is John Hancock's Motion to Dismiss. The Court has reviewed the entire record with respect to the instant motion. The issues have been fully briefed, and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated more fully below, the Court will grant Defendant's Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Patten is a Virginia resident who was employed by John Hancock, a financial services Company that sells insurance, annuities, and other investment products. Principal offices of John Hancock are located in Boston, Massachusetts. Patten was a general agent of John Hancock for a period of 12 years until he was terminated on January 2, 2001. Upon Patten's termination, John Hancock advised Patten in writing that he was not entitled to receive retirement benefits if he chose to accept post-terminal commission payments. Patten objected

and requested arbitration to secure his retirement benefits. His request was based on two arbitration agreements with John Hancock: (1) a Mutual Agreement to Arbitrate Claims (the "Mutual Agreement") and (2) a Management Agreement (the "Management Agreement"). John Hancock initially refused, but was compelled to arbitrate following a court order.

During the first phase of the arbitration, the arbitrator granted summary judgment to John Hancock under both the Mutual Agreement and the Management Agreement. The Fourth Circuit Court of Appeals reversed the ruling. During the second phase of arbitration, John Hancock disclosed that Patten was entitled to receive retirement benefits from the company. Patten then elected to receive payments under a retirement plan with a potential value of $500,000.

On November 20, 2008, Patten filed an Amended Complaint, which included: Count I – Fraud/Misrepresentation, Count II – Negligent Fraud/Misrepresentation, and Count III – Breach of Covenant of Good Faith and Fair Dealing. On January 8, 2009, John Hancock filed the instant Motion to Dismiss. The motion is now ripe for review, and the Court will issue an Opinion.

## II. STANDARD OF REVIEW

It is well established that a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See*

*Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (*citing Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier,* 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.,* 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Thus, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

## III. ANALYSIS

In Count I of the Amended Complaint, Patten contends that John Hancock is liable for misrepresentation by failing to disclose the availability of retirement benefits, which led to the lengthy arbitration. In Count II, Patten argues that John Hancock breached a duty of care by negligently making false representations concerning Patten's retirement benefits. Patten contends in Count III that John Hancock breached the implied covenant of good faith and fair dealing by acting in bad faith. Patten argues that John Hancock acted with intent to harm Patten by misrepresenting the availability of retirement benefits.

John Hancock argues that all counts of the Amended Complaint are encompassed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., because they relate to an employee benefit plan. John Hancock further argues that ERISA preempts state law and that Patten's facts failed to allege a claim under ERISA. Thus, John Hancock argues that Patten's Amended Complaint should be dismissed. Patten argues that his claims are not preempted by ERISA because he is not seeking benefits and because the gravamen of his claims is that John Hancock's "purposeful failure to disclose the pension benefits . . . caused Patten to incur substantial expense in arbitration."

**A. <u>ERISA</u>**

ERISA was designed to promote the interests of employees and their beneficiaries in employee benefit plans. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90 (1983). Pursuant to ERISA, an employee can bring a civil action to recover benefits due under an employee pension benefit plan. 29 U.S.C. § 1132 (a)(1)(B) & (e). ERISA also includes "an elaborate scheme . . . for enabling beneficiaries to learn their rights and obligations" under an employee pension plan. *See Curtis-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 83 (1995). ERISA defines an "employee pension benefit plan," as:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program . . . provides retirement income to employees . . .

29 U.S.C. § 1002(2).

When a cause of action under state law "relates to," makes specific reference to, and is premised on the existence of a pension plan, that claim must be pursued under ERISA.

*Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140 (1990). A law "relates to" an employee benefit plan if it has a connection with or reference to such a plan. *Shaw*, 463 U.S. at 96-97.

Here, Patten's retirement benefits are considered an employee benefit plan as defined by ERISA because they provide retirement income to an employee. *See Christopher v. Mobile Oil Corp.*, 950 F.2d 1209, 1219 (5th Cir. 1992) (finding that a state law cause of action that relates to an employee benefit plan directly relates to the operation of an ERISA plan, despite its origin under general law); *Cefalu v. B.F. Goodrich Co.*, 871 F.2d 1290, 1294 (5th Cir. 1989) (holding that a claim for damages measured by pension benefits sufficed as the requisite connection to an employee benefit plan). Patten essentially complains that John Hancock did not provide him accurate information about his retirement benefits. In other words, all of Patten's claims relate to his attempts to secure payment of his retirement benefits provided by John Hancock. Therefore, the Court agrees with John Hancock that all of Patten's allegations in the Amended Complaint relate to an ERISA-governed pension plan.

**B. <u>ERISA Preemption</u>**

As a general rule, ERISA preempts any state law that refers to or has a connection with covered benefit plans. *District of Columbia v. Greater Wash. Bd. of Trade,* 506 U.S. 125, 129-30 (1992). In passing ERISA's preemption provision, Congress intended to "avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." *Coyne & Delaney v. Selman,* 98 F.3d 1457, 1468 (4th Cir. 1996). As ERISA addresses an employer's fiduciary duty and obligation to provide information about benefits, ERISA preempts "state common law claims of fraudulent or negligent misrepresentation when the false representations concern the existence or extent of benefits under an employee benefit plan."

*Griggs v. E.I. Dupont*, 237 F.3d 371, 378 (4th Cir. 2001). The U.S. Supreme Court reached a similar result in *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 57 (1987) (holding that common law causes of action based on improper processing of a claim for benefits under an ERISA-regulated plan is preempted by ERISA).

Moreover, relevant case law shows that claims similar to Patten's are preempted by ERISA. For example, fraud claims relating to retirement benefits are preempted by ERISA. *Phillips v. Amoco Oil Co.*, 799 F.2d 1464, 1470 (11th Cir. 1986). In *Phillips*, the appellants were former employees of Amoco. *Id*. at 1466. Amoco sold its corporation to Norgas, and employees claimed that both companies fraudulently concealed the effect of the sale on credit for years of service toward retirement benefits. *Id*. at 1467. The *Phillips* court found that the employer's concealment of potential increase to retirement benefits was preempted by ERISA. *Id*. at 1470. Similar to the facts in *Phillips*, Patten alleges that John Hancock fraudulently misrepresented Patten's eligibility to receive retirement benefits. The Court finds *Phillips* applicable and thus agrees with John Hancock that ERISA preempts Patten's state common law claim for fraudulent misrepresentation.

Similarly, negligence claims relating to retirement benefits are preempted by ERISA. *Straub v. Western Union Telegraph Co.*, 851, F.2d 1262, 1264 (10th Cir. 1988). In *Straub*, an employee's retirement benefit plan was affected by the sale and reorganization of his employer. *Id*. at 1263. The employee negotiated an increase in calculations for his retirement benefits with his former employer, but this increase was not adopted by the new employer. *Id*. The employee claimed negligent misrepresentation for defendant's failure to inform him that his benefits might be affected. *Id*. The employee did not assert any claims against the pension plan under ERISA.

*Id*. The *Straub* court held that the employer's negligence in failing to grant increase in employee's pension was preempted by ERISA. *Id*. at 1264. Like *Straub*, Patten claims John Hancock negligently made false representations relating to his retirement benefits. Patten asserts that John Hancock misrepresented his retirement benefits following his termination and acceptance of post-terminal commissions. The Court finds *Straub* instructive and thus agrees with John Hancock that the negligent misrepresentation claim is preempted by ERISA.

Furthermore, the Court finds that Patten's claims for breach of implied covenant of good faith and fair dealing is a state law claim relating to the manner in which John Hancock administered Patten's retirement benefits. This claim is essentially a claim for breach of contract. Breach of contract claims relating to ERISA plans are preempted by ERISA. *See Elmore v. Cone Mills Corp.*, 23 F.3d 855, 863 (4th Cir. 1994). Therefore, the Court finds Patten's claim for breach of implied covenant of good faith and fair dealing preempted by ERISA.

In summary, the Court finds that ERISA preempts Patten's state law claims for fraudulent misrepresentation, negligent misrepresentation, and breach of implied covenant of good faith and fair dealing. On the face of the Complaint, Patten failed to state a claim for relief under provisions of ERISA. Moreover, Patten has made no attempt to explain how ERISA entitles him to relief. The Court notes that Patten has already recovered his retirement benefits in the prior arbitration, and he presumably should have raised all of his ERISA claims in that proceeding. Therefore, the Court agrees with John Hancock that Patten's Amended Complaint should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss. A separate Order will follow.

August 14, 2009
Date

/s/
Alexander Williams, Jr.
United States District Judge